UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
NML CAPITAL, LTD., :
:
Plaintiff, :
: 09 Civ. 7013 (TPG)
– against – :
:
THE REPUBLIC OF ARGENTINA, and : **OPINION**
ENERGÍA ARGENTINA S.A., :
:
Defendants. :
:
------------------------------------------------x

Plaintiff NML Capital, Ltd. ("NML") owns beneficial interests in defaulted bonds issued by defendant the Republic of Argentina (the "Republic"). The court has issued judgments in favor of plaintiff in a number of cases, but to date plaintiff has been largely unable to collect on those judgments.

NML has filed an amended complaint in the present case against the Republic and *Energía Argentina S.A.* ("ENARSA"). The motions to dismiss the amended complaint are granted.

Facts

On August 7, 2009, NML filed its initial complaint against ENARSA and the Republic seeking a determination that ENARSA is the Republic's alter ego under First National City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec"), 462 U.S. 611 (1983), and that ENARSA is therefore liable for the Republic's debts. On February 15, 2011, the court granted defendants' motions to dismiss the complaint, finding that NML failed to state a claim that

ENARSA is the Republic's alter ego.  NML Capital, Ltd. v. The Republic of Argentina, 2011 WL 524433, at *8 (S.D.N.Y. Feb. 15, 2011).  The court noted that there were no detailed allegations in the complaint that the Republic managed the day-to-day business of ENARSA or disposed of the funds of ENARSA in any abnormal manner or in any way designed to treat such funds as funds of the Republic.  In dismissing the complaint, the court granted NML leave to amend.

On July 21, 2011, NML filed an amended complaint.  In the amendment, NML did not seek to strengthen its case of alter ego, based on Bancec.  Whereas the original complaint had expressly cited Bancec as the legal basis for its claim, Bancec is not referred to in the amended complaint.  The new complaint cites, as its legal basis, Garb v. Republic of Poland, 440 F.3d 579 (2d Cir. 2006).  Referring to the reasoning in Garb, the amended complaint alleges that ENARSA has core functions that are predominantly governmental and thus operates as a political organ of the Republic.  The claim is that ENARSA is not merely a separate entity which is an alter ego of the Republic, but it is part of the Republic itself.  Am. Compl. ¶ 15.

It should be said at the outset that Garb does indeed distinguish between the foreign state itself and a separate "agency or instrumentality" of the state, within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.  However, Garb defines the distinction as being "whether the core functions of the foreign entity are predominantly governmental or commercial," relying on Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 151 (D.C.

Cir. 1994).  Garb, 440 F.3d at 591.  The facts about ENARSA, as alleged in the amended complaint, will now be described.

ENARSA

ENARSA is an energy company that commercializes oil, gas, and electric energy.  It is a duly incorporated *"sociedad anónima"*—a stock corporation that is an independent, juridical entity with its own legal personality—under Argentine law.  ENARSA is owned primarily by the Republic.

According to the law that created ENARSA, its objective involves "the study, exploration, and exploitation of solid, liquid, and/or gaseous Deposits of Hydrocarbons, and the transportation, storage, distribution, sale, and industrialization of these products and their direct and indirect derivatives." Law No. 25,943, Nov. 2, 2004, Art. 1 (Arg.).  It transports and distributes natural gas, "for which purpose it may process, treat, refine, purchase, sell, convert, import, or export" such product, it "may perform any other operation complementary to its industrial and sales activities," and it may "itself or through or in partnership with third parties, generate, transport, distribute, and sell electric energy."  Id.  In addition, ENARSA "may engage in trade activities connected with energy assets, and may develop any of the activities specified in its purpose, both domestically and in other countries."  Id.

NML alleges that ENARSA performs multiple governmental functions, specifically:  (1) providing low-cost energy to the Argentine people; (2) owning and administering the state's mineral rights; (3) serving as regulator of anti-competitive behavior in the energy sector; and (4) acting on behalf of the

Republic in myriad other ways, as described below.

1.  Low-Cost Energy

The Argentine government provides significant subsidies to ensure access to low-cost energy for the Argentine people.  As discussed in the court's opinion of February 15, 2011, one of ENARSA's functions is to sell natural gas at low prices for the benefit of Argentine citizens, and the Republic subsidizes ENARSA for the losses it incurs.

ENARSA's website describes Argentina's energy policy and objectives and states that ENARSA is a company directed toward the public interest.

> We believe that ENERGY is a state matter, because it constitutes an essential input resource for economic development and well-being.  The State must ensure that all citizens have access to this capital resource. . . . [T]he National Government resolved to create ENARSA as a reference company for the energy market, directed towards public interest, with an active and dynamic role having effects over the economy.

Am. Compl. ¶ 23 (quoting ENARSA, The Beginnings, http://www.enarsa.com.ar/english/comienzos.htm).  Article 41 of the Argentine Constitution concerns the use of Argentina's natural resources, and charges the government with meeting the present needs of the country and providing for the rational use of those resources.

NML's amended complaint also makes reference to a project under which ENARSA is to provide energy to Argentine citizens at a loss by purchasing Bolivian natural gas at $5 per million BTUs and selling it to Argentineans for half that amount.  Executive Decree No. 267/2007, which established this project, requires ENARSA to provide the "indispensible" "public service" of

transporting and distributing the natural gas from Bolivia. This decree also granted ENARSA a concession to operate the pipeline for this gas in order to "implement one of the pillars of the natural energy policy [of] strengthening and guaranteeing the supply of natural gas on the domestic market." Am. Compl. ¶ 37.

### 2. The State's Hydrocarbon Rights

Pursuant to Article 2 of ENARSA's enabling act, ENARSA owns "the exploration permits and the exploitation concessions for the entirety of the national marine areas that are not subject to such permits or concessions as of the date on which the within law takes effect." Law No. 25,943, Nov. 2, 2004, Art. 2 (Arg.). Under Argentine law, activities of exploration and exploitation of hydrocarbons are only undertaken by third parties, not directly by the state.

### 3. Antitrust Regulation

Article 4 of ENARSA's enabling legislation states that ENARSA "may intervene in the market for the purpose of preventing situations of abuse of dominant position that originate in the organization of monopolies or oligopolies." Id. at Art. 4.

Section 42 of the Argentine Constitution states that: "The authorities shall provide for . . . the defense of competition against any kind of market distortions, the control of natural and legal monopolies . . . ." Am. Compl. ¶¶ 3, 21.

The Republic's antitrust authority, the National Commission for the Defense of Competition, is still in effect and remains the proper regulatory body

with respect to the oil and gas industry.  See, e.g., Resolution of the Secretariat of Domestic Trade, Oct. 14, 2010.

### 4.  Other Acts on Behalf of the Republic

NML further alleges that ENARSA acts on Argentina's behalf in a variety of other ways, including:

- Leading public works projects like the Distributed Energy Program for the Ministry of Planning.

- Contracting for the Secretary of Energy in the Genren Program established by Law No. 26,190.

- Representing the government by managing the tender process for major public works and energy projects, as authorized by the Secretariat of Energy Decision No. 220/2007, Executive Decree No. 938/2007 and Executive Orders Nos. 1136/2010, 267/2007 and 805/2007, and the Ministry of Planning Decision 412/2007.

- Formalizing and carrying out agreements with other sovereigns, which have been developed by Argentina or the Ministry of Planning.

- Maintaining an Integrated Database of Hydrocarbons, pursuant to Article 8 of its enabling legislation.

Finally, plaintiff also notes that ENARSA appears as part of the Energy Division on the Ministry of Planning's organizational chart and the website of the Secretariat of Energy.

## Discussion

Defendants move to dismiss plaintiff's amended complaint on the

grounds that (1) the complaint alleges no new significant facts that were not already considered in the court's opinion dismissing plaintiff's original complaint, (2) plaintiff should not be able to plead a new legal theory in its amended complaint, and (3) the amended complaint fails to state a claim upon which relief may be granted.

The court sees no procedural bar to the amended complaint, and will now consider whether the new complaint asserts a valid claim based on the new legal theory and the Garb decision.  As already described, the distinction drawn by Garb is "whether the core functions of the foreign entity are predominantly governmental or commercial."

Of course, ENARSA performs functions in accordance with the policies and goals of the Republic.  ENARSA is not a private commercial enterprise.  However, the character of the functions is surely predominantly commercial.  ENARSA's primary function is to sell natural gas at low prices in Argentina.  The natural gas is generally sold at a loss, and the Republic subsidizes that loss.  But the activity is still the commercial activity of selling natural gas.

It also appears that ENARSA is empowered to explore for hydrocarbons in national marine areas, and to exploit any hydrocarbons that are found.  This would appear to be a commercial function.

Something closer to a governmental function is involved in ENARSA's enabling legislation, which states that ENARSA may intervene in the market for the purpose of preventing undue dominance, or monopoly, in the market.  The Argentine Constitution states that the "authorities" shall defend against market

distortions and monopolies. However, the National Commission for the Defense of Competition is still the actual regulatory body with respect to the oil and gas industry.

There are certain other functions of ENARSA, which are not described at any great length in the amended complaint, but which have been listed earlier in this opinion. To some extent, these have to do with public works projects having to do with energy, and ENARSA is involved in representing the Republic or assisting the Republic.

Finally, ENARSA appears as part of the Energy Division on the Ministry of Planning's organizational chart and the website of the Secretariat of Energy.

To return to the issue under <u>Garb</u>, that issue is whether the core functions of ENARSA are predominantly governmental or commercial. The question is not whether ENARSA is exclusively governmental in its activities or exclusively commercial in its activities. The issue again is whether the <u>core functions</u> of ENARSA are <u>predominantly</u> governmental or commercial.

The allegations in the amended complaint make it clear that the predominant function of ENARSA is the marketing of low-cost natural gas. This is a commercial function.

The amended complaint does not make out a case for ENARSA being predominantly involved in governmental functions, as distinct from other commercial functions.

Consequently, the amended complaint must be dismissed.

This opinion addresses the motions listed as items 41 and 44 on the

docket.

SO ORDERED.

Dated: New York, New York
August 29, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/12
```

Thomas P. Griesa
U.S. District Judge

- 9 -